IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAMIAN C. PERRY )
)
v. ) NO. 3:09-0729
)
TENNESSEE TITLE VI COMPLIANCE )
COMMISSION )

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered August 18, 2009 (Docket Entry No. 3), the Court referred the above captioned action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2) and for further pretrial activity under 28 U.S.C. § 636(B)(1) and Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff filed this action pro se and in forma pauperis ("IFP") on August 7, 2009, against the "Tennessee Title VI Compliance Commission." In a 12 page complaint, the plaintiff complains that:

> the city of Clarksville and its agencies to include the Housing & Community Development, Montgomery County government, the Clarksville Montgomery County Metropolitan Planning Organization, the Clarksville Montgomery County School System and the Clarksville Montgomery County Regional Planning Commission and the State of Tennessee and its agencies violated the Civil rights Act of 1964 by denying the minority community full participation in the decision-making process in regards to the spending of federal financial assistance within their respected areas and agencies. And these above-mentioned public bodies did in fact refused (sic) to inform any and all federal agencies of any and all Title VI complaints filed against the City of Clarksville and its agencies to include the Housing & Community Development, Montgomery County government, the Clarksville Montgomery County Metropolitan Planning Organization, the Clarksville Montgomery County School System and the Clarksville Montgomery County Regional Planning Commission in direct violation of federal laws and Executive Orders. As a result the minority community experienced discrimination from the above-mentioned local, state, and public agencies.

See Complaint (Docket Entry No. 1), at 4-5. In addition to his general complaint that various state and local entities and agencies and the state of Tennessee have violated Title VI, 42 U.S.C. §§ 2000d et seq., and related regulatory provisions, he appears to complain that the Tennessee Title VI Compliance Commission has not properly performed its oversight duties and has failed to fulfill its purpose. Id. at 7-10. The plaintiff seeks declaratory and injunctive relief.

Pro se complaints are to be construed liberally by the Court. See Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint brought by a plaintiff proceeding in forma pauperis "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, basic pleading rules still apply. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. Ashcroft v. Iqbal, _U.S._, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Wells, supra. Although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). Further, even though a less stringent standard may apply to complaints filed by pro se plaintiffs, this does

not compel the courts to conjure up unpled facts to support conclusory allegations. Wells, 891 F.2d at 594.

Section 601 of Title VI of the United States Code provides, in pertinent part:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. The Supreme Court has recognized that there is an implied private cause of action under Title VI to enforce Section 601's ban against intentional discrimination. See Alexander v. Sandoval, 532 U.S. 275, 279-280, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001). To state a claim for damages under Title VI, a plaintiff must show that: (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal assistance. Grimes v. Superior Home Health Care, 929 F. Supp. 1088, 1092 (M.D. Tenn. 1996). However, a private right of action to enforce federal regulations promulgated under Title VI exists in only limited circumstances. See Alexander, supra at 293.

After review of the Complaint, the Court finds that the Complaint should be dismissed. The Complaint fails to comply with the basic requirements of Federal Rule of Civil Procedure 8(a), which requires a short and plain statement of the claim entitling the plaintiff to relief. The allegations made in the complaint are broad and conclusory and are unsupported by specific factual allegations. Such allegations are not sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949. At no point in the Complaint does the plaintiff set out any factual allegations that are specifically related to him or which show how he has been damaged because of intentional discrimination in violation of Section 601.[1] Further, the Court cannot determine with any certainty what, if anything, the named defendant has done to specifically damage the plaintiff or how the named defendant engaged in racial discrimination in violation of Title VI. The plaintiff has simply not shown that he is entitled to relief, as is required by Rule 8. See Iqbal, 127 S.Ct. at 1950. To the

---

[1] The plaintiff's vague and factually unspecific allegations of retaliation also fail to set out a non-frivolous claim.

3

extent that the plaintiff seeks through his lawsuit to act as a watchdog to ensure that the named defendant complies with its purported regulatory duties under Title VI, no such private cause of action exists.

After review of the plaintiff's complaint in light of these principles and in accordance with 28 U.S.C. § 1915(e)(2)(B), the Court recommends that this action be dismissed for failure to state an arguable claim upon which relief can be granted.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for lack of an arguable legal basis.

As the plaintiff's claims warrant dismissal under 28 U.S.C. § 1915(e)(2), the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under 28 U.S.C. § 1915(a)(3).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge